UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| TERRIS WOODARD, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) No. 1:10-cv-1606-JMS-MJD |
| | ) |
| DET. SGT. MARK MILLER, et al., | ) |
| | ) |
| Defendants. | ) |

**Entry Concerning Selected Matters and Directing Entry of Final Judgment**

**I.**

The plaintiff's motion to appoint Lee Calvin Buckley, Jr. as his attorney in this action [24] is **denied**. Pursuant to 28 U.S.C. § 1915(e)(1), courts are empowered only to "request" counsel. *Mallard v. United States District Court,* 490 U.S. 296, 300 (1989). There is no constitutional right to an attorney in a civil proceeding. *Jackson v. Kotter,* 541 F.3d 688, 700 (7th Cir. 2008). In addition, litigants requesting that counsel be recruited must show as a threshold matter that they made a reasonable attempt to secure private counsel. *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). The court must deny "out of hand" a request for counsel made without a showing of such effort. *Farmer v. Haas*, 990 F.2d 319, 321 (7th Cir. 1993). The plaintiff's motion for appointment of counsel states that he has made "repeated efforts to obtain a lawyer." This single statement is not sufficient to determine whether the effort has been a reasonable one.

**II.**

The plaintiff's motion for extension to time to respond to the defendants filing for denial of plaintiff's request to amend [25] is **denied.** The reason for this ruling is first, that the defendants have not appeared in this action and the plaintiff was previously granted leave to file an amended complaint and instructions for doing so.

**III.**

The record in this case, and particularly the Entries of January 12, 2011, August 18, 2011, and October 24, 2011, reflect that the court has given the plaintiff every opportunity to prosecute this action and that at each turn the plaintiff has

failed to take the necessary steps to file an amended complaint or otherwise litigate his claims. "Once a party invokes the judicial system by filing a lawsuit, it must abide by the rules of the court; a party cannot decide for itself when it feels like pressing its action and when it feels like taking a break because trial judges have a responsibility to litigants to keep their court calendars as current as humanly possible." *James v. McDonald's Corp.,* **417 F.3d 672, 681 (7th Cir. 2005),** citing *GCIU Employer Ret. Fund v. Chicago Tribune Co.,* **8 F.3d 1195, 1198-99 (7th Cir. 1993)**(internal quotations omitted). Further delays in filing an amended complaint cannot be tolerated. Accordingly, the operative pleading in this action is the complaint filed December 7, 2010.

### IV.

Because plaintiff Terris Woodard was an inmate at the time his complaint was filed, the complaint is subject to the screening required by 28 U.S.C. § 1915A(b). " The complaint is now subject to the screening requirement of 28 U.S.C. § 1915A(b). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). This statute directs that the court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson*, 551 U.S. at 93 (per curiam) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)). The complaint "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 668 (7th Cir. 2008) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)).

The complaint, in which Woodard seeks five million dollars in damages, alleges that three detectives with the Kokomo Police Department were involved in a criminal conspiracy to fabricate information to deprive Woodard of liberty in violation of the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution. The "facts" in support of these claims include:

> threats toward a 3rd party for participation in the conspiracy. Court Records expanding the period of this complaint support that Detective Sgt. Mark Miller, Detective Bradley Reed and Detective Miller Wheeler did provide sworn statements before a Howard County Superior Court.

**Complaint at p. 3. Woodard states that the defendants are criminally liable for a variety of crimes. Even liberally construed, Woodard's complaint does not provide allegations which raise his right to relief above the speculative level. AA pleading that**

offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly,* 550 U.S. at 555, 557). Accordingly, the complaint is dismissed for failure to state a claim upon which relief may be granted.

Further, any claims seeking to prosecute the defendant for violations of criminal law fail to state a claim upon which relief may be granted. The reason for this ruling is that the United States may commence criminal charges and because a private individual has no right to compel such a prosecution. *See Leeke v. Timmerman*, 454 U.S. 83 (1981) (holding that inmates lacked standing to force issuance of arrest warrants of correctional officers for beatings); *Ragsdale v. Turnock*, 941 F.2d 501, 509 (7th Cir. 1991) (private persons generally have no right to enforce criminal statutes or to sue under them unless the statute also creates a private right of action. (Posner, J., concurring), *cert denied*, 502 U.S. 1035 (1992).

The dismissal of the complaint will result in the dismissal of this action. As explained in Part III of this Entry the plaintiff was given multiple opportunities to file an amended complaint, but failed to do so. Given these prolonged circumstances, the plaintiff shall not be afforded additional opportunities to file a viable complaint.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 02/15/2012

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana